1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

8  RICKY TYRONE FOSTER,                          1:12-CV-01539 AWI BAM HC

9              Petitioner,                       ORDER ON FINDINGS AND
                                                 RECOMMENDATION
10                                               [Doc. #7]

11       v.                                      ORDER DISMISSING GROUND FROM
                                                 PETITION
12
                                                 ORDER DIRECTING PETITIONER TO
13  MATTHEW CATE, Director,                       SHOW CAUSE WHY PETITION SHOULD
                                                 NOT BE DISMISSED
14              Respondent.
   _____/           ORDER REFERRING MATTER BACK TO
15                                               MAGISTRATE JUDGE FOR FURTHER
                                                 PROCEEDINGS
16
                                                 [THIRTY-DAY DEADLINE]
17

18       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2254.

20       On October 16, 2012, the Magistrate Judge issued a Findings and Recommendation that

21  recommended Ground One of the petition be DISMISSED for failure to state a cognizable federal

22  claim for relief and Ground Two of the petition be DISMISSED for failure to exhaust state remedies.

23  The Findings and Recommendation was served on all parties and contained notice that any

24  objections were to be filed within thirty (30) days of the date of service of the order.

25       On October 29, 2012, Petitioner filed objections to the Findings and Recommendation.  In

26  accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo*

27  review of the case.

28       Petitioner objects that Ground One should not be dismissed because he has a liberty interest

1    in single-cell status.  The Magistrate Judge correctly determined that Petitioner is not challenging the

2    fact or duration of his confinement, but a condition of his confinement.  Accordingly, habeas relief is

3    unavailable.  See McCarthy v. Bronson, 500 U.S. 136, 141-142 (1991); Preiser v. Rodriguez, 411

4    U.S. 475, 485 (1973); 28 U.S.C. § 2254(a).

5        Petitioner also objects that the Magistrate Judge incorrectly found that he had failed to

6    exhaust his state remedies with respect to his second ground for relief, to wit, that he was wrongfully

7    found guilty in a disciplinary hearing held on January 5, 2012, for refusing to accept assigned

8    housing.  Petitioner points to his petition where he sets forth his progress through the state courts.

9    See Petition at 2-3.  While Petitioner does state he sought relief in the California Supreme Court, he

10   specifically states he sought relief only with respect to his claim that the California Department of

11   Corrections Classification Committee rescinded his single-cell status on September 30, 2011.  He

12   made no mention of seeking relief on his second claim with respect to the January 5, 2012,

13   disciplinary hearing.  The Magistrate Judge was correct in concluding Petitioner had failed to

14   demonstrate exhaustion as to this claim.  Nevertheless, in light of his objection, it is possible that

15   Petitioner may have exhausted the claim but neglected to adequately inform the Court.  Therefore,

16   the Court will order Petitioner to show cause why the claim should not be dismissed for failure to

17   exhaust state remedies.  Petitioner is advised that he should provide the Court with a copy of the

18   petition he filed with the California Supreme Court so the Court can verify exhaustion.  Petitioner is

19   advised that failure to comply with the Court order will result in dismissal of the petition.

20       Petitioner also suggests racial and judicial  bias on the part of the Magistrate Judge.  The

21   Court finds the judicial bias claim to be unfounded and preposterous.  Further, the Magistrate

22   Judge's adverse assessment of Petitioner's complaint does not show judicial bias.  Liteky v. United

23   States, 510 U.S. 540, 554-56 (1994).  There is no bias on the part of the Magistrate Judge.

24       Having carefully reviewed the entire file and having considered the objections, the Court

25   concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and

26   proper analysis.  However, because it is possible that Petitioner may have exhausted his claim

27   regarding the January 5 disciplinary hearing, the Court will not dismiss the case at this time, but will

28   instead provide Petitioner with opportunity to demonstrate exhaustion.

Accordingly, IT IS HEREBY ORDERED that:

1.   The Findings and Recommendation issued October 16, 2012, is ADOPTED consistent with this order;

2.   Ground One is DISMISSED from the petition;

3.   Petitioner is ORDERED to show cause within thirty (30) days of the date of service of this Order why Ground Two should not be dismissed for failure to exhaust state remedies; and

4.   The matter is REFERRED back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   November 7, 2012

UNITED STATES DISTRICT JUDGE