UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER,<br><br>    Petitioner,<br><br>  v.<br><br>MATTHEW CATE, Director,<br><br>    Respondent.<br>_____/ | 1:12-CV-01539 AWI BAM HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. #17] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at California State Prison, Lancaster, California. He challenges a prison disciplinary hearing held on January 5, 2012, in which he was found guilty of refusing to accept assigned housing.

On January 5, 2012, Petitioner submitted an inmate administrative appeal. (Resp't's Mot. Dismiss, Ex. 1 at 78-79.) On January 13, 2012, the appeal coordinator rejected the appeal for failure to submit final documentation of the rules violation report and disciplinary hearing. (Resp't's Mot.

1  Dismiss, Ex. 1 at 77.)  Petitioner was instructed to correct the appeal by submitting the required
2  documentation within thirty (30) days.  (Resp't's Mot. Dismiss, Ex. 1 at 77.)
3       On February 28, 2012, Petitioner filed a petition for writ of habeas corpus in the California
4  Court of Appeals, Fifth Appellate District, challenging the disciplinary hearing.  (Resp't's Mot.
5  Dismiss, Ex. 1 at 1.)  The appeal was denied on April 19, 2012, for failure to exhaust administrative
6  and legal remedies.  (Resp't's Mot. Dismiss, Ex. 2.)
7       On May 15, 2012, Petitioner filed a petition for writ of habeas corpus in the California
8  Supreme Court.  (Resp't's Mot. Dismiss, Ex. 3.)  On August 22, 2012, the petition was denied with
9  citation to In re Dexter, 25 Cal.3d 921, 925 (1979).  (Resp't's Mot. Dismiss, Ex. 4.)
10      On September 19, 2012, Petitioner filed the instant federal petition for writ of habeas corpus.
11 On February 25, 2013, Respondent filed a motion to dismiss for failure to exhaust state remedies, or
12 alternatively, a motion to dismiss for procedural default.  On March 22, 2013, Petitioner filed an
13 opposition to the motion.  Respondent filed a reply to the opposition on March 25, 2013.

**DISCUSSION**

15 A.  Procedural Grounds for Motion to Dismiss
16      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
17 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
18 entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules
19 Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the
20 attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth
21 Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to
22 exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing
23 § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d
24 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).
25 Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's
26 motion for dismissal pursuant to its authority under Rule 4.
27 B.  Exhaustion of State Remedies
28      A petitioner who is in state custody seeking a petition for writ of habeas corpus must exhaust

1  state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the
2  state courts and gives the state courts the initial opportunity to correct the state's alleged
3  constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455
4  U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

5        A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
6  full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.
7  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88
8  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full
9  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
10 claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504
11 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).  Presenting a claim in a procedural context that
12 prevents consideration of its merits does not constitute fair presentation and therefore does not
13 exhaust state remedies.  Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.1994).

14       In this case, the California Supreme Court denied the petition for writ of habeas corpus with
15 citation to In re Dexter, 25 Cal.3d 921, 925 (1979), which signifies a failure to exhaust
16 administrative remedies.  Review of the exhibits reveals that Petitioner presented an incomplete
17 administrative appeal.  When he was notified of this defect and given an opportunity to cure it, he
18 failed to do so and then sought relief in the state courts.  The appellate court and California Supreme
19 Court rejected the petitions for failure to properly exhaust the administrative appeal. Therefore, the
20 highest state court was not provided with a full and fair opportunity to review the claim, because
21 Petitioner presented it in a procedurally deficient manner.  Respondent is correct that Petitioner has
22 failed to exhaust state remedies.

23       In his opposition, Petitioner first argues the January 13, 2012, rejection of his appeal was
24 improper.  The administrative appeal process is set forth in California Code of Regulations, title 15,
25 §§ 3084 through 3084.9.  Respondent correctly argues that whether the California Supreme Court
26 properly determined that Petitioner had failed to exhaust pursuant to those statutes is a state law
27 matter.  "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502
28 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).  "A state court's

interpretation of state law . . . binds a federal court sitting in habeas corpus." <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005). Moreover, the rejection was proper since Petitioner failed to include supporting documentation with his appeal.

Petitioner also contends he repeatedly attempted to correct his administrative appeal but the appeal coordinator wrongfully rejected his attempts. He submits exhibits showing he made three attempts to correct his appeal but each attempt was rejected. (Pet'r's Opp'n, Ex. 5.) However, as noted by Respondent, these exhibits were not part of the record before the California Supreme Court; therefore, they are irrelevant to the decision of the California Supreme Court as the California Supreme Court was not provided a fair opportunity to consider them. Moreover, the exhibits demonstrate that the appeal was not unlawfully rejected; rather, the exhibits show Petitioner repeatedly failed to follow instructions on curing the deficiencies in his appeal.

Petitioner next contends that pursuant to the Prison Litigation Reform Act (PLRA), an administrative remedy was no longer available to him. The PLRA governs civil rights actions and is inapplicable in a habeas proceeding.

Petitioner also complains that he was under no obligation to continue pursuing an administrative remedy. Quoting from <u>Harvey v. Jordan</u>, 650 F.3d 681 (9th Cir.2010), Petitioner argues that "[t]here is no obligation to appeal from a decision when the rejection form (695) states that the 'action may not be appealed.'" (Pet'r's Opp'n at 14.) This authority no longer applies since the appeal regulations were revised after the decision was rendered. A rejection letter is no longer a final decision terminating an appeal. Now, a rejection letter includes instructions on correcting and resubmitting an appeal for further processing, which is what occurred here. Even a cancellation of an appeal may be challenged by separate appeal. Cal. Code Regs. tit. 15, § 3084.6(e). Therefore, the rejection letters did not terminate the appeal process.

In sum, Petitioner failed to exhaust his administrative remedies. Since the California Supreme Court rejected the habeas petition for failure to exhaust, the claims remain unexhausted. Respondent's motion should be granted.

C.  <u>Procedural Default</u>

Respondent also argues that Petitioner has procedurally defaulted his claims. A federal court

will not review claims in a petition for writ of habeas corpus if the state court has denied relief on those claims on a state law ground that is independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 750 (1991). This doctrine of procedural default is based on concerns of comity and federalism. Id., at 730-32.

For a claim to be considered procedurally defaulted, the state law ground must be independent of federal law. "For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." LaCrosse, 244 F.3d at 704 (citing Michigan v. Long, 463 U.S. 1032, 1040-41 (1983)); Morales v. Calderon, 85 F.3d 1387, 1393 (9th Cir. 1996) (quoting Coleman, 501 U.S. at 735) ("Federal habeas review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law.'") "A state law is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting Ake v. Oklahoma, 470 U.S. 68, 75 (1985)). In this case, the California Supreme Court's decision regarding Petitioner's failure to exhaust his administrative remedies was independent of federal law since it was based entirely on the application of California statutes.

In addition, a federal court may only impose a procedural bar on claims if the procedural rule that the state used is adequate to support the judgment. To be adequate, "the state's legal grounds for its decision must be firmly established and consistently applied." King v. LaMarque, 464 F.3d 963, 965 (9th Cir. 2006) (citing Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003)). To be firmly established and consistently applied, the rule must be clear and certain. Id. (citing Melendez v. Pliler, 288 F.3d 1120, 1124 (9th Cir. 2002)); see also Fields v. Calderon, 125 F.3d 757, 760 (9th Cir. 1997) (The state procedural rule used must be clear, consistently applied, and well-established at the time of the petitioner's purported default). In this case, as Respondent correctly notes, the rule that administrative remedies must first be exhausted has been applied in California since 1941. See Albelleira v. District Court of Appeal, 17 Cal.2d 280, 292 (1941). It is thus adequate to support the state judgment.

Therefore, the exhaustion bar imposed by the California Supreme Court is independent of

1  federal law and adequate to support the decision.  Respondent is correct that Petitioner has
2  procedurally defaulted his claim and federal habeas review is procedurally barred.  Respondent's
3  motion to dismiss on this basis should also be granted.

### RECOMMENDATION

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED and the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE.  This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after date of service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **April 10, 2013**          /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE